Mr. Chief Justice Johnson delivered the opinion of the court. The indictment in this case is based upon the 5th sec., ch. 51, Digest. That section enacts that “ Every person, who shall, on Sunday, keep open any store, or retail any goods, wares, or merchandize, or keejD open any dram-shop or grocery, or sell or retail any spirits or wine, shall be deemed guilty of a misdemeanor, and, on conviction, shall be fined in any sum not less than ten dollars nor more than twenty.” The first objection taken is to the indictment, and is predicated upon the supposed unconstitutionality of the act by which the offence is created. If the act is unauthorized by the'constitution, it must arise from the fact that it interferes with the rights of conscience which are secured to all by the Declaration of Rights. A portion of those rights consists in a freedom to worship Almighty God according to the dictates of every one’s conscience, and in not being compellable to attend, erect, or support, any place of worship, or to maintain any ministry against their consent. The act in question cannot, with any degree of propriety, be said to trench upon any one of the rights thus secured.' By reserving to every individual the sacred and indefeasible rights of conscience, the convention most certainly did not intend to leave it in his power to do such acts as are evil in themselves and necessarily calculated to bring into contempt the most venerable' and sacred institutions of the country. Sunday or the_ Sabbath is properlyJ and emphatically called the Lord’s day, and is one amongst the first and most sacred institutions of the Christian religion. This system of religion is recognized as constituting a part and parcel of the common law, and as such all of the institutions growing out of it, or, in any way, connected with it, in case they shall not be found to interfere with the rights of conscience, are entitled to the most profound respect, and can rightfully claim the protection of the law making-power of the State. (See the case of Vidal et al. vs. Gerard’s Executors, 2 Howard’s Rep. 198.) We think it will readily be conceded that the practice, against which the act is directed, is a great and crying vice, and that, in view of its exceedingly deleterious effects upon the body politic, there cannot be a doubt that it falls appropriately under the cognizance of the law-making power. The indictment is believed to have been drawn with technical accuracy and to contain all the averments necessary under the statute to a full description of the offence. The very gist of the offence charged in the first count is, the keeping open the grocery on Sunday, and it was not necessary that any criminal intent should have been alleged; as, upon the finding of the fact charged, the law presumes the intent, and unless the defendant is prepared to show that no such intent existed — as that it occurred in the exercise of acts of charity, or that, as a matter of necessity, he could not avoid it — the offence will be fully made out, and consequently nothing can remain to be done but to fix the penalty. The nature and tendency of the act prohibited furnish ample reason why the Legislature did not expressly require the intent to be expressed in the indictment as constituting a material part of the description of the offence. The act of keeping open a grocery on Sunday is not, in itself, innocent or even indifferent, but it is, on the contrary, highly vicious and dmorali-zing in its tendency, as it amounts to a general invitation to the community to enter and indulge in the intoxicating cup, thereby shocking their sense of propriety and common decency, and bringing into utter contempt the sacred and venerable institution of the Sabbath. It is not simply the act of keeping open a grocery,'but the keeping of it open on Sunday, that forms the head and front of the offence; and when it is alleged to have been done on that day, the description is perfect. If the objection to the first count be admissible as failing to give a full and perfect description of the offence, we can perceive no good reason why it should not apply with equal force to the second, as it is silent also as to the intent. The charge in the latter count is, that the defendants sold spirits on Sunday, and it is wholly silent as to the intent with which the act was done. It certainly would not be contended that an indictment for selling spirits on Sunday should further aver that it was sold with intent to have it drunk. The Legislature did not conceive the act of selling to be any worse in point of criminality than that of keeping the grocery open, and consequently they have placed them both upon precisely the same footing. They have the unquestionable right, so long as they keep themselves within the pale of the constitution, to command the performance of such acts as are right and to prohibit such as they may conceive, in their wisdom, to be wrong: and their right is equally indisputable to say whether the intention shall be presumed from the mere act prohibited, or whether, in addition to such act, the State shall also show the intent which prompted its commission. The next objection relates to the sufficiency of the testimony to warrant the conviction. It is manifest from the whole tenor of the evidence as exhibited by the bill of exceptions that both parties, as well the State as the defendant, considered it essential to a conviction that the ownership of the grocery should have been proven before the jury. This the statute did not require, but having unnecessarily averred the fact of ownership, it devolved upon the State to prove it in order to authorize a conviction. The act merely forbids the keeping of a grocery open on Sunday. It certainly cannot be material whether it shall be done by the party having the legal title, or by any other individual having the control of the establishment at the timé of the commission of the alleged offence. If it were incumbent upon the State to show title to the grocery before a conviction could be had for keeping it open on Sunday, it would, in the very nature of things, hé utterly impossible in many cases to effectuate the objects of the law. The true question, therefore, under the statute is not, who is the owner of the grocery ? but who is shown to have had the control of it at the time of the commission of the act? The State, in this case, did introduce some slight circumstances tending to establish the allegation of ownership, but utterly failed to prove that the defendant had been guilty of keeping the grocery open on Sunday. The judgment of the Circuit Court of Hempstead county is, therefore, reversed, and the cause remanded with instructions to proceed therein according to law, and not inconsistent with this opinion.